# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>M.A.R.S., INC. dba MODERN AMERICAN RECYCLING SERVICES,<br><br>Defendant. | Adv. Proc. No. 21-50215 (KBO) |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF MODERN AMERICAN RECYCLING SERVICES, INC.

Modern American Recycling Services, Inc. (the "**Defendant**") answers the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* [D.I. 1] (the "**Complaint**") filed by George L. Miller, in his capacity as chapter 7 trustee of Bayou Steel BD Holdings, L.L.C., *et al.* ("**Plaintiff**"), for the estates of the above-captioned debtors (the "**Debtors**") in the above-captioned jointly administered cases pending under chapter 7 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") as follows:

### DEFENDANT'S ANSWER

1. Admitted.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

2. Admitted.

3. The allegations contained in Paragraph 3 of the Complaint are admitted to the extent that Defendant admits that it is a corporation with its principal office at 499 Powhatten Court, Gibson, Louisiana. The remaining allegations of Paragraph 3 are denied. Defendant is a corporation organized under the laws of the State of Alabama.

4. Paragraph 4 of the Complaint contains a legal conclusion which does not require a response by Defendant. To the extent a response is required, the allegations in paragraph 4 are denied.

5. Paragraph 5 of the Complaint contains a legal conclusion which does not require a response by Defendant. To the extent a response is required, the allegations in paragraph 5 are denied.

6. Defendant submits that no response is required to the allegations in paragraph 6. However, to the extent that a response is deemed required, the allegations contained in paragraph 6 of the Complaint are denied for lack of sufficient information upon which to premise a reasonable belief of the truth asserted therein. By way of further response, Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

7. Paragraph 7 of the Complaint contains a legal conclusion which does not require a response by Defendant. To the extent a response is required, the allegations in paragraph 7 are denied.

8.    Paragraph 8 of the Complaint contains conclusions of law and conclusory allegations to which no response is required. To the extent a response is required, the allegations in paragraph 8 are denied.

9.    The allegations contained in paragraph 9 of the Complaint are admitted to the extent that the Debtors made certain payments to Defendant and are identified on Exhibit A attached to the Complaint. Any further allegations contained in paragraph 9 are denied.

10.    The allegations contained in paragraph 10 of the Complaint are admitted to the extent that the Debtors made certain payments to Defendant and are identified on Exhibit A attached to the Complaint. Defendant further admits that the aggregate amount of the Transfers is not less than $286,094.28. Any further allegations contained in paragraph 10 are denied.

11.    Paragraph 11 of the Complaint contains conclusions of law and conclusory allegations to which no response is required. To the extent a response is required, the allegations in paragraph 11 are denied, except Defendant admits that Plaintiff invited an exchange of information regarding any potential defenses, but no agreement could be reached at the present time.

12.    Defendant repeats and realleges its responses contained in each preceding paragraph as though set forth fully herein.

13.    Admitted.

14.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint. As such, they are deemed denied.

15.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint. As such, they are deemed denied.

16. The allegations contained in paragraph 16 of the Complaint are conclusory and therefore no response can be made. To the extent a response is required, the allegations are denied.

17. The allegations contained in paragraph 17 of the Complaint are conclusory and therefore no response can be made. To the extent a response is required, the allegations are denied.

18. Defendant is unable to admit or deny the allegations contained within paragraph 18 of the complaint. As such, they are deemed denied.

19. Defendant is unable to admit or deny the allegations contained within paragraph 19 of the complaint. As such, they are deemed denied.

20. Admitted.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. However, to the extent a response is necessary and acting out of an abundance of caution, the allegations contained in paragraph 21 of the Complaint are denied.

22. Defendant repeats and realleges its responses contained in each preceding paragraph as though set forth fully herein.

23. Paragraph 23 of the Complaint contains conclusions of law to which no response is required.

24. Paragraph 24 of the Complaint contains conclusions of law to which no response is required.

25. The unnumbered paragraph, including subsections (a) through (c), immediately following paragraph 24 contains a prayer for relief which requires no response from Defendant. However, to the extent a response is deemed required, the allegations contained in this paragraph, including those contained in subsections (a) through (c), are denied for lack of sufficient information upon which to premise a reasonable belief of the truth asserted therein.

## GENERAL DENIAL

Defendant generally denies any liability to the Plaintiff. To the extent any allegations in the Complaint have not been specifically admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

AND NOW, further responding, Defendant sets out the following Affirmative Defenses:

### AFFIRMATIVE DEFENSE NO. 1:

Plaintiff has failed to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2

Plaintiff's claims are barred, waived, or otherwise precluded by the affirmative defenses set forth in Federal Rules of Civil Procedure 8(c)(1) (which include: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppels; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; *res judicata*; statute of frauds; statute of limitations; and waiver) and the applicable Bankruptcy Rule, and all defenses set forth in Section 547(c) of the Bankruptcy Code.

### AFFIRMATIVE DEFENSE NO. 3

Plaintiff is precluded from any recovery under the Complaint by virtue of the doctrines of waiver, estoppel, and unclean hands, *in pari delicto*.

### AFFIRMATIVE DEFENSE NO. 4

The Plaintiff may not avoid the alleged transfers to the extent that such transfers were taken in good faith and for reasonably equivalent value.

### AFFIRMATIVE DEFENSE NO. 5

The Plaintiff may not avoid under § 547 the alleged transfers to the extent that such transfers were to or for the benefit of a creditor, to the extent that, after such transfers, such creditor

gave new value to or for the benefit of the debtors--(A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtors did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

AFFIRMATIVE DEFENSE NO. 6

The Plaintiff may not avoid under § 547 the alleged transfers to the extent that such transfers were in payment of a debt incurred by the debtors in the ordinary course of business or financial affairs of the debtor and the transferee; made in the ordinary course of business or financial affairs of the debtor and the transferee; or made according to ordinary business terms.

AFFIRMATIVE DEFENSE NO. 7

The Plaintiff may not avoid under § 547 the alleged transfers to the extent that such transfers were intended by the debtors and the creditor to or for whose benefit such transfers were made to be a contemporaneous exchange for new value given to the debtors; and in fact a substantially contemporaneous exchange.

AFFIRMATIVE DEFENSE NO. 8

The debtors were not insolvent at the time the alleged transfers took place, and the alleged transfers neither caused nor increased the debtors' insolvency.

AFFIRMATIVE DEFENSE NO. 9

Defendant expressly reserves any and all rights allowed and/or provided to Defendant pursuant to 11 U.S.C. § 502(h).

AFFIRMATIVE DEFENSE NO. 10

To the extent that Defendant can be found liable to Plaintiff, Defendant asserts that any damages arising from such liability would be extinguished or reduced by application of the doctrine of set-off.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

**CONCLUSION**

WHEREFORE, Defendant prays that these answers and affirmative defenses to the Complaint be deemed good and sufficient, and that after all due proceedings are had, the claims of Plaintiff be dismissed, with prejudice, all at Plaintiffs' cost.

Dated:  May 28, 2021              ROBINSON & COLE LLP

*/s/ Davis Lee Wright*
Davis Lee Wright (DE Bar No. 4324)
1201 North Market Street, Suite 1406
Wilmington, DE  19801
Tel: 302.516.1700
Fax: 302.516.1699
Email: dwright@rc.com

*Counsel to Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2021, that in addition to the notice and service provided through the Court's ECF system, I caused a true and correct copy of the *Answer and Affirmative Defenses of Modern American Recycling Services, Inc*. to be served by email on:

Bradford J. Sandler
Andrew W. Caine
Peter J. Keane
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
bsandler@pszjlaw.com
acaine@pszjlaw.com
pkeane@pszjlaw.com

*Counsel for Plaintiff*

*/s/ Davis Lee Wright*
Davis Lee Wright (DE Bar No. 4324)